UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                               <u>DECISION AND ORDER</u>

                                                                               07-CR-6025L
                                                                               09-CV-6589L

                                        v.

JAMES PARHAM,

                                         Defendant.
_____

On December 18, 2008, defendant, James Parham ("Parham"), pleaded guilty to one count of a multi-count indictment. He pleaded to a violation of 21 U.S.C. § 846 involving a conspiracy to possess with intent to distribute and to distribute a quantity of cocaine base. The plea was entered pursuant to a detailed plea agreement. Based on the drug quantity, such a plea subjected Parham to a minimum term of imprisonment of 10 years. Although the range of possible imprisonment under the United States Sentencing Guidelines was higher, the plea was submitted to the Court pursuant to FED. R. CRIM. P. 11(c)(1)(C) for an agreed sentence of 10 years.

Parham appeared for sentencing a few weeks later, on January 9, 2009, and received the precise sentence, 10 years, that he had bargained for and agreed to accept under the plea agreement. At the time of sentencing, Parham raised no objection to the plea or the agreed upon sentence.

Now pending before the Court is Parham's *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate the Judgment and Conviction (Dkt. #142). He now seeks leave to withdraw his guilty plea. Under the rubric of ineffective assistance of counsel, Parham claims that his attorney coerced him into pleading guilty and failed to conduct a thorough pre-plea investigation. The Government has responded to the motion and attached to that Response (Dkt. #147) copies of the plea agreement and the transcript of both the plea proceedings on December 18, 2008 and the sentencing proceedings on January 9, 2009.

After reviewing all the matters submitted, I find that there is no basis whatsoever to the grant the relief requested by Parham. He has failed to establish any constitutional violation and, therefore, the motion must be denied.

First of all, as the Government notes in its Response, Parham should be precluded from filing this motion. The plea agreement contained a specific provision barring direct appeals or a collateral proceeding such as this 2255 motion. At the time of the plea, this Court specifically advised Parham that the appeal waiver precluded the very motion that Parham now brings. (Transcript of December 18, 2008, p. 8).

To the extent Parham relies on ineffective assistance of counsel, he has failed to carry the heavy burden of establishing it. The United States Supreme Court established a two-part test for determining ineffective-of-assistance claims in *Strickland v. Washington,* 466 U.S. 668 (1984).

This is a difficult test because there is a presumption that counsel's performance was reasonable. Parham must establish that his counsel's performance was deficient and that he suffered some prejudice because of that deficiency. First of all, Parham has failed to demonstrate any

deficient performance. On the contrary, the proceedings show that counsel expended considerable time in exploring the case and examining Parham's prior record. That fact was noted by the Court when I took the plea. (Transcript of December 18, 2008, p. 12). It was also noted by the prosecutor on the day of sentencing when he noted that defense counsel "worked hard" and "obtained a very favorable disposition." (Transcript of January 9, 2009, p. 12). The prosecutor noted that Parham faced significantly more time should he have gone to trial and been convicted of all charges, in light of his serious prior record.

The Court recalls that defense counsel requested several adjournments in order to do precisely what Parham now claims he failed to do, that is, investigate the case and Parham's prior criminal record. In fact, the several letters attached to Parham's motion here belie Parham's claim that his lawyer failed to investigate. Those letters demonstrate clearly that Parham's lawyer was engaged, prepared and took steps to investigate the case, all to Parham's advantage.

Furthermore, Parham should not be heard now to contradict or refute the things he said on the record, under oath, at his plea proceeding on December 18, 2008. The Government in its Response points out all of the matters discussed at that proceeding to demonstrate that the plea was knowing and completely voluntary. There was an extensive colloquy in which Parham agreed that he understood the agreed upon sentence of 10 years, that he had discussed the plea agreement with his lawyer, and that no one forced or threatened him to plead guilty. He stated that he understood all the various terms of the plea agreement which were discussed at some length. He also stated that he was satisfied with the help given to him by his lawyer.

While an evidentiary hearing may be appropriate where a defendant has demonstrated factual issues surrounding the voluntariness or general validity of his plea, no hearing is required "if the movant's allegations 'merely contradict[ ] [his] earlier statements made under oath at his plea allocution.'" *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992)) (brackets in original); *accord United States v. Khammanivong*, 357 Fed.Appx. 316, 317 (2d Cir. 2009). *See*, *e.g.*, *United States v. Dukagjini*, 198 F.Supp.2d 299, 302 (W.D.N.Y. 2002) (stating that "Dukagjini's claims of ineffective assistance are contradicted by the record, including his own sworn statements at the Rule 11 proceeding and, therefore, no factfinding hearing is necessary").

It is plain, then, that a "defendant who presents a reason for withdrawing his plea that contradicts the answers he gave at a Rule 11 hearing faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is 'fair and just.'" *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992). Rule 11 "provides a thorough hearing [at the time of the plea] to determine the voluntariness and intelligence of guilty pleas, and ... defendants afforded such a hearing should not be easily let off the hook when they feel like changing their minds." *United States v. Coonce*, 961 F.2d 1268, 1276 (7th Cir. 1992). *See also United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) ("The plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom").

In sum, the proceedings demonstrate clearly that Parham's lawyer was engaged and did provide effective assistance of counsel and Parham has completely failed to carry his burden of demonstrating otherwise. Parham should not be heard now to complain about a bargained-for

sentence which he understood and agreed to and is now receiving the benefits of. There is no basis for relief here whatsoever.

## CONCLUSION

The motion of defendant James Parham to vacate the Judgment and Conviction in this case pursuant to 28 U.S.C. § 2255 is in all respects denied and the case dismissed.

I decline to issue a certificate of appealability because Parham has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

Defendant's motion for transcripts (Dkt. #149) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 1, 2010.